| | |
|---|---|
| T.P., an individual, | CIVIL ACTION NO. 2:21-cv-4933 |
| Plaintiff, | |
| RED ROOF INNS, INC; BEST WESTERN INTERNATIONAL, INC.; WYNDHAM HOTELS & RESORTS, INC.; AMERICAN HOTEL & LODGING ASSOCIATION; and OHIO HOTEL & LODGING ASSOCIATION, | Chief Judge Algenon L. Marbley Magistrate Judge Elizabeth Preston Deavers |
| Defendants. | |

## DEFENDANT BEST WESTERN INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Best Western International, Inc. ("BWI") by and through its undersigned counsel, respectfully moves this Court for an entry of an order dismissing Plaintiff's Complaint (Dkt. 1) filed by Plaintiff T.P., with prejudice, as legally insufficient under Rule 12(b)(6) of the Federal Rules of Civil Procedure. BWI submits its Memorandum of Law in Support of its Motion to Dismiss, filed concurrently herewith.

WHEREFORE, BWI respectfully requests the Court allow this Motion, dismiss the Complaint with Prejudice, and grant any other relief this Court deems just and proper.

Dated: March 11, 2022

Respectfully submitted,

/s/ *Judd Uhl*

Judd Uhl (0071370)
LEWIS BRISBOIS BISGAARD &
SMITH LLP
250 East 5th Street, Suite 2000
Cincinnati, Ohio 045202
Telephone: 513.808.9913
Facsimile: 513.808.9912
Judd.Uhl@lewisbrisbois.com
*Attorneys for Defendant*
*Best Western International, Inc.*

/s/ *Karen Campbell*

Karen Campbell  (*Pro Hac Vice* Application
Forthcoming)
**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399
Karen.Campbell@lewisbrisbois.com
*Attorneys for Defendant*
*Best Western International, Inc.*

# TABLE OF CONTENTS

I.  INTRODUCTION ...............................................................................................1

II.  LEGAL STANDARD........................................................................................3

III.  LEGAL ARGUMENT........................................................................................4

    A.  BWI IS AN IMPROPER PARTY TO THIS ACTION BECAUSE IT HAS NO OWNERSHIP, CONTROL, OR OPERATION OF HOTELS........................4

    B.  THE COMPLAINT DOES NOT ALLEGE A PLAUSIBLE TVPRA CLAIM (COUNT I) AGAINST BWI.....................................................................6

        1.  Plaintiff's TVPRA Claim is Partially Barred by the Statute of Limitations. ...............................................................................................6

        2.  Plaintiff Fails to Allege a Plausible Claim for Direct Civil Liability under 18 U.S.C. § 1595(a). ..........................................................................7

            (a)  BWI did not participate in a venture in violation of the TVPRA. .........................................................................................7

            (b)  BWI did not know and could not have reasonably known of Plaintiff's trafficking.......................................................................9

        3.  Plaintiff Fails to Allege a Plausible Claim for Indirect Civil Liability under 18 U.S.C. § 1595(a). .........................................................10

    C.  PLAINTIFF CANNOT ALLEGE CONSPIRACY TO COMMIT NEGLIGENCE CLAIM (COUNT  II) AGAINST BWI. ......................................13

IV.  CONCLUSION.................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921 (D. Or. 2020) .............................. 10

*A.B. v. Marriott International, Inc.*, 2020 U.S. Dist. LEXIS 70644 (E.D. Pa. Apr. 22, 2020)..... 14

*A.C. v. Red Roof Inns, Inc.*, 2:19-cv-04965 (S.D. Ohio June 16, 2020) ........................................ 13

*Ackison Surveying LLC v. Focus Fiber Sols., LLC*, 2017 U.S. Dist. LEXIS 35502 (S.D. Ohio
    Mar. 13, 2017)..................................................................................................................... 12

*B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656 (N.D. Cal. July 30, 2020) .... 8, 12, 14

*Barrett-O'Neill v. Lalo*, LLC, 2014 U.S. Dist. LEXIS 109830 (S.D. Ohio Aug. 8, 2014)11, 12, 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) ....................................................................... 3

*Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615 (S.D. Ohio 2011)........................................... 12

*C.C. v. H.K. Grp. of Co., Inc.*, 2022 U.S. Dist. LEXIS 29213 (N.D. Ga. Feb. 9, 2022) ............... 9

*C.K. v. Wyndham Hotels & Resorts, Inc.*, 3:19-cv-1412 (M.D. Fla. July 10, 2020) .................... 12

*Clarkwestern Dietrich Bldg. Sys. LLC v. Certified Steel Stud Ass'n*, 2013 U.S. Dist. LEXIS
    194260 (S.D. Ohio Dec. 20, 2013) ...................................................................................... 14

*Commercial Money Center, Inc. v. Illinois Union Insurance Co.*, 508 F.3d 327 (6th Cir. 2007).. 5

*Doe v. Red Roof Inns, Inc.*, 2021 U.S. App. LEXIS 38060 (11th Cir. Dec. 22, 2021)........... 4, 7, 9

*E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420 (N.D. Tex. 2021).................................................. 9

*Gibson v. Selinsky Force, LLC*, 2022 U.S. Dist. LEXIS 3291 (S.D. Ohio Jan. 7, 2022) ........... 11

*Gonzalez v. CoreCivic, Inc.*, 2019 U.S. Dist. LEXIS 114595 (W.D. Tex. Mar. 1, 2019).............. 6

*H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697 (E.D. Mich. 2020) ...................... 10

*H.H. v. G6 Hosp., LLC*, 2019 U.S. Dist. LEXIS 211090 (S.D. Ohio Dec. 6, 2019) ............... 4, 13

*Ho v. United States*, 2012 U.S. Dist. LEXIS 184578 (D. Minn. Dec. 11, 2012)........................... 13

*In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353 (J.P.M.L. 2020) ........................ 15

*In re Nat'l Century Fin. Enters., Inv. Litig.*, 504 F. Supp. 2d 287 (S.D. Ohio 2007)................... 13

*In re Welding Fume Prods. Liab. Litig.*, 526 F. Supp. 2d 775 (N.D. Ohio 2007)........................ 14

*Iqbal v. Ashcroft*, 556 U.S. 662 (2009)....................................................................................... 3

*J.L. v. Best Western Int'l, Inc.*, 521 F. Supp. 3d 1048 (D. Colo. 2021)........................................ 10

*K.B. v. Inter-Continental Hotels Corp.*, 19-cv-1213 (D.N.H. Sept. 28, 2020) .............................. 8

*K.R. v. G6 Hospitality, LLC*, 19-cv-08252 (N.D. Cal. June 4, 2020) ........................................... 12

*L.W. v. Hilton Worldwide Holdings, Inc.*, 4:19-cv-4172 (S.D. Tex. Mar. 17, 2020) ................... 12

*M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio 2019) ................. 4, 13

*M.L. v. Craigslist Inc.*, 19-cv-6153 (W.D. Wash. Apr. 17, 2020) .................................................. 6

*McLaughlin v. CNX Gas Co., LLC*, 639 Fed. Appx. 296 (6th Cir. 2016) ...................................... 5

*Owino v. CoreCivic, Inc.*, 3:17-cv-01112 (S.D. Cal. May 14, 2018) .............................................. 6

*Perkins v. Am. Spotting Co. of Ohio, Inc.*, 2018 U.S. Dist. LEXIS 223473 (S.D. Ohio Dec. 13,
    2018) ..................................................................................................................................... 11

*Rohrig v. United States Navy*, 2020 U.S. App. LEXIS 4245 (6th Cir. Feb. 11, 2020).................. 3

*Ruth v. A.O. Smith Corp.*, 2005 U.S. Dist. LEXIS 23235 (N.D. Ohio Oct. 11, 2005) ................. 13

*S.J. v. Choice Hotels*, 19-cv-6071 (E.D.N.Y. July 20, 2020) .............................................. 12, 14

*S.W. v. Lorain-Elyria Motel, Inc.*, 2020 U.S. Dist. LEXIS 44961 (S.D. Ohio Mar. 16, 2020) .... 13

*Taylor v. Checkrite, Ltd.*, 627 F. Supp. 415 (S.D. Ohio 1986)..................................................... 11

*Tellabs Inc. v. Makor Issues & Rights, LTD.*, 551 U.S. 308 (2007) ............................................. 5

*Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997)...................................................................... 6

**Statutes**

18 U.S.C. § 1595(a) ........................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................................... 3, 4

Joint Employer Status Under the National Labor Relations Act, 85 Fed. Reg. 11184 (Feb. 26, 2020) ......................................................................................................................... 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| T.P., an individual,<br><br>        Plaintiff,<br><br>RED ROOF INNS, INC; BEST WESTERN INTERNATIONAL, INC.; WYNDHAM HOTELS & RESORTS; AMERICAN HOTEL & LODGING ASSOCIATION; and OHIO HOTEL & LODGING ASSOCIATION,<br><br>        Defendants. | CIVIL ACTION NO. 2:21-CV-4933<br><br><br><br>Chief Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth Preston Deavers |

**DEFENDANT BEST WESTERN INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant BWI submits this Memorandum of Law in Support of its Motion to Dismiss with prejudice the Complaint filed by Plaintiff, T.P.

I.    **INTRODUCTION**

This case is among a wave of lawsuits for human sex trafficking against hotel brands/chains. Plaintiff attempts to use the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") to hold hotel brands – not the traffickers, actual hotel owners or managers – liable for the heinous crimes committed by traffickers, who prey on the anonymity and privacy that hotels provide, and hotel guests expect, to exploit and hide their crimes.

In this case Plaintiff alleges she was trafficked at various hotels throughout Columbus, Ohio, including a Best Western branded hotel at 888 Dublin Granville Road from approximately 2001 through 2015. Dkt. 1 at ¶ 40(b). Plaintiff did not sue the individual hotel owners, managers, or even her traffickers. Instead, she sued the hotel brands. She contends that employees at the hotels identified in the Complaint (not employees of Defendants) failed to recognize "several

consistent red flags" including visible bruising and weight loss, cash payment for rooms, extended stays paid on a daily basis, "excessive" requests for towels and linens and "unusual numbers" of used condoms and bottles of lubricant left in her room. *See* Dkt. 1 at ¶¶ 44 & 46. Although BWI, an Arizona-based non-profit corporation has no physical presence (such as employees) at independently owned and operated hotels, including the hotel where Plaintiff alleges her trafficking occurred, Plaintiff alleges BWI is directly liable for her alleged trafficking under the TVPRA. *Id.* at ¶¶ 116 – 120.

She also contends Defendants are indirectly liable under the TVPRA because they not only exert significant control over independently owned and operated hotels (*id.* at ¶¶ 60 & 126), but they should have been aware of reports of certain other non-specific and unsavory conduct occurring generally at hotels in their brands across the United States. *Id.* at ¶ 72. According to Plaintiff, if there was any complaint, media report or social media report about any hotel anywhere in the country relating to drug dealing, prostitution, concerns over general safety, the hotel brands should have known T.P. was being trafficked at the Ohio hotels identified in the Complaint. *Id.*

Finally, Plaintiff claims that the Hotel Defendants, in conjunction with two major hotel trade associations, "conspired to do nothing" (*id.* at ¶ 100) to address sex trafficking throughout the United States and "continued policies that permitted renting rooms to traffickers in Ohio" while simultaneously "took acts to appear as if they were responding" to sex trafficking. *Id.* at ¶¶ 114, 74 – 115 and 121 – 134 generally.

The Court should dismiss the Complaint because (1) BWI is an improper party to this action; (2) it does not allege a viable TVPRA claim against BWI, as there no well-pled facts giving rise to a reasonable inference that BWI participated in a venture in violation of the TVPRA; (3) BWI is not a principal or joint employer of its independently owned and operated

hotels and thus cannot be held indirectly liable under the TVPRA for Plaintiff's alleged sex trafficking; and (4) there is no legal basis to hold Defendants liable for civil conspiracy to commit negligence.

## II. LEGAL STANDARD

In order to withstand a Rule 12(b)(6) Motion to Dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level… [t]he pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The Court recognized that a plaintiff has an obligation to provide "more than labels and conclusions" in her complaint to withstand at 12(b)(6) motion to dismiss. *Id*.

In *Iqbal v. Ashcroft*, the Court extrapolated its *Twombly* "plausibility" definition, holding "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009). The Sixth Circuit adheres to the Court's *Twombly-Iqbal* plausibility standard. *See, e.g.*, *Rohrig v. United States Navy*, 2020 U.S. App. LEXIS 4245 at *2 – 3 (6th Cir. Feb. 11, 2020).

The TVPRA permits a trafficking victim to bring a civil action against a sex-trafficking perpetrator and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act of trafficking. *See* 18 U.S.C. § 1595(a).

Analyzing this statute in other cases alleging violations of the TVPRA, this Court has held that in order to state a claim for beneficiary liability, a "victim of this chapter" (*e.g.*

Plaintiff) must allege "(1) the person or entity [*e.g.* Defendant(s)] must knowingly benefit, financially or by receiving anything of value, (2) from participating in a venture, (3) that the person knew or should have known has engaged in an act in violation of this chapter." *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 at 964 (S.D. Ohio 2019) (internal quotations and brackets omitted); *H.H. v. G6 Hosp., LLC*, 2019 U.S. Dist. LEXIS 211090 at *6 (S.D. Ohio Dec. 6, 2019).

The Eleventh Circuit Court of Appeals recently held that in order to state a claim for beneficiary liability under the TVPRA, a plaintiff must plausibly allege that the defendant (1) knowingly benefited (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) that the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff. *Doe v. Red Roof Inns, Inc.*, 2021 U.S. App. LEXIS 38060 at *4 (11th Cir. Dec. 22, 2021). As discussed *infra*, there are no such plausible allegations in this case.

## III.  LEGAL ARGUMENT

### A.  BWI IS AN IMPROPER PARTY TO THIS ACTION BECAUSE IT HAS NO OWNERSHIP, CONTROL, OR OPERATION OF HOTELS.

The Complaint misstates that BWI owns the Best Western-branded hotel identified. *See* Dkt. 1 at ¶ 15. Best Western hotels are independently owned and operated. BWI is not a parent company for Best Western-branded hotels. Publicly available documents at the Franklin County Treasurer's public website show that 888 Apartments LLC, and not BWI, is the current owner of the property identified in the Complaint with the address of 888 East Dublin Granville Road,

Columbus, Ohio 43229. *See* Exhibit "A" attached hereto, from the Franklin County Treasurer's website.[1]

The most recent Assumption of Mortgage for 888 East Granville Road, Columbus, Ohio 43229 also publicly available on the Franklin County Recorder's website shows 888 Apartments LLC assumed the mortgage of the property from Columbus Hotel, Inc. on March 27, 2015. *See* Exhibit "B" attached hereto, from the Franklin County Recorder's website. BWI requests the Court takes judicial notice of these materials, as they are of public record. *See Tellabs Inc. v. Makor Issues & Rights, LTD.*, 551 U.S. 308 (2007); *Commercial Money Center, Inc. v. Illinois Union Insurance Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

The Complaint also alleges Defendants operate under franchise agreements with branded hotel locations. *See* Dkt. 1 at ¶¶ 57 & 126. BWI submits a copy of its Membership Agreement with the owner of the Best Western branded hotel at 888 East Dublin Granville Road, Columbus, Ohio 43229. *See* Exhibit "C" attached hereto. The Membership Agreement identifies the individual hotel owner, which is not BWI. *See* Exhibit "C" at ¶ 3. BWI does not exercise direct or immediate control over the employees who work at its independently owned and operated member hotels, as the Membership Agreement states, in relevant part that "BEST WESTERN HAS NO CONTROL OVER OR RESPONSIBILITY FOR ANY DECISION AFFECTING THE EMPLOYMENT OR SUPERVISION OF ANY PERSON EMPLOYED IN CONNECTION WITH THE HOTEL." *See* Exhibit "C" at ¶ 17 (emphasis in original). The Sixth Circuit has held "the appellate court may [] consider documents that a defendant attaches to a motion if the documents are referred to in the Complaint and are central to her claims without converting the motion to one for summary judgment." *McLaughlin v. CNX Gas Co., LLC*, 639 Fed. Appx. 296, 298 (6th Cir. 2016). This Court should consider these materials, given the

---

[1] [Franklin County Treasurer - Property Search (franklincountyohio.gov)](franklincountyohio.gov)

allegations in the Complaint wherein Plaintiff alleges Defendants have contracts or franchise agreements with individual hotel owners. *See* Dkt. 1 at ¶¶ 54 – 64; *Weiner v. Klais & Co.*, 108 F.3d 86, 90 (6th Cir. 1997).

It is unjust to drag BWI through this litigation when the Membership Agreement uncontrovertibly imparts all liability to the individual hotel owners.

## B. THE COMPLAINT DOES NOT ALLEGE A PLAUSIBLE TVPRA CLAIM (COUNT I) AGAINST BWI.

Plaintiff's TVPRA claim against BWI – predicated on a criminal violation of Section 1591(a) and a civil claim under Section 1595 – does not meet the statute's requirements to impose civil liability. Whether the Court adheres to its analysis in *M.A.* or considers the recent Eleventh Circuit's analysis in *Doe*, Plaintiff has not pled sufficient or particular or facts to establish BWI "participated in a venture" of sex trafficking at an independently owned and operated Best Western-branded hotel or that BWI "knew or should have known" she was staying at the hotel in facilitation of sex trafficking. Nor has Plaintiff sufficiently alleged BWI is indirectly liable for Plaintiff's alleged sex trafficking as BWI does not standing as a joint employer with or principal of its independently owned and operated hotels.

### 1. Plaintiff's TVPRA Claim is Partially Barred by the Statute of Limitations.

The Complaint alleges Plaintiff was trafficked at a Best Western branded hotel "from approximately 2001 to 2015." Dkt. 1 at ¶ 40(b). Several federal courts have determined the "financial benefit" section of 18 U.S.C. 1595(a) does not contain a clear intent to apply retroactively, and cannot apply to conduct before December 23, 2008, the statute's effective date. *M.L. v. Craigslist Inc.*, 19-cv-6153, Dkt. 62 at p. 10 (W.D. Wash. Apr. 17, 2020), citing *Owino v. CoreCivic, Inc.*, 3:17-cv-01112, Dkt. 38 at p. 5 (S.D. Cal. May 14, 2018); *Gonzalez v. CoreCivic, Inc.*, 2019 U.S. Dist. LEXIS 114595 at *9 (W.D. Tex. Mar. 1, 2019). At a minimum, Plaintiff

should be precluded from alleging a beneficiary theory of liability under the TVPRA for conduct before December 23, 2008.

### 2. Plaintiff Fails to Allege a Plausible Claim for Direct Civil Liability under 18 U.S.C. § 1595(a).

Plaintiff alleges BWI is liable under Section 1595(a) because it benefitted financially from a venture it knew, or should have known, violated Section 1591(a). Dkt 1 at ¶¶ 118 – 119. Based on the Eleventh Circuit's recent decision *Doe v. Red Roof Inns, Inc.*, 2021 U.S. App. LEXIS 38060 (11th Cir. Dec. 22, 2021), the Complaint does not plausibly allege BWI is directly liable under Section 1595(a).

### (a) BWI did not participate in a venture in violation of the TVPRA.

In a case of first impression by a Federal Circuit Court of Appeals squarely addressing franchisor liability, the Eleventh Circuit in *Doe v. Red Roof Inns, Inc.* held "sufficient facts to plausibly allege that the venture in which the franchisors participated committed [a violation of 18 U.S.C. § 1591(a)]" is essential to establish beneficiary liability under 18 U.S.C. § 1595. *Id*. at *21. In *Doe*, plaintiffs alleged that employees of defendants' franchised hotels participated in plaintiffs' trafficking by acting as lookouts for the police, allowing the traffickers to use the lobby computers to post online advertisements, and by permitting the traffickers to operate the trafficking on an entire floor of the hotel. Plaintiffs alleged the defendants (hotel franchisors) were liable under the TVPRA because they "controlled the policies and standards applicable" to the hotel properties, profited from the sex trafficking ventures by earning royalties from the franchisees and took no action to stop the trafficking even though they knew or should have known their profits derived from the ventures. The District Court dismissed the complaints, holding plaintiffs failed to plausibly allege claims for beneficiary liability against the defendants under the TVPRA. *Id*. at *3 – 4.

The Eleventh Circuit went on to affirm the District Court's dismissal of the consolidated complaints. The crux of the Opinion was the Eleventh Circuit's analysis of the "participation in a venture" element of the TVPRA. The Court held that the "ordinary meaning of venture is an undertaking or enterprise involving risk and potential profit." *Id*. at *20. The Court further held that the "venture in which the defendant participated and from which it knowingly benefited must have violated the TVPRA as to the plaintiff." *Id*. The Court reasoned that:

> Section 1591(a)…prohibits anyone from knowingly benefitting, financially or by receiving anything of value from knowingly assisting, supporting, or facilitating a violation of subsection (a)(1). Consequently, the Does must plead sufficient facts to plausibly allege that the venture in which the franchisors participated committed one of these crimes against them. *Id*. at *20 – 21 (internal citations and quotations omitted).

The Eleventh Circuit held the complaints failed to establish the franchisors' participation in a "common undertaking involving risk or profit that violated the TVPRA – i.e., the alleged sex trafficking ventures." *Id*. at 25. The allegations in the *Doe* complaints, including the franchisors' receipt of royalties and fees from franchisees and the "inextricable" connection of the franchisors to franchisee room rentals were insufficient to establish the franchisors' connection to the alleged sex trafficking ventures. *Id*.

Here, the allegations are nearly identical to those in *Doe*. *See* Dkt. 1 at ¶¶ 56 ("booking and room reservations are to a large extent controlled by the Hotel Defendants") and 64 ("the Hotel Defendants require their hotel locations to pay around 10% of gross revenue back to the Hotel Defendants…"). As evidenced by the *Doe* decision and several other decisions throughout the district courts, these allegations "fail to connect the dots between Plaintiff's alleged sex trafficking and these Defendants." *K.B. v. Inter-Continental Hotels Corp.*, 19-cv-1213, Dkt. 75 at p. 11 (D.N.H. Sept. 28, 2020); *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656 at Dkt. 80 (N.D. Cal. July 30, 2020); *see also E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 428 – 29

(N.D. Tex. 2021) (complaint failed to establish "participation in a venture" element as it contained no allegations supporting a "reasonable inference connecting" hotel brands to the alleged sex trafficking venture); *C.C. v. H.K. Grp. of Co., Inc.*, 2022 U.S. Dist. LEXIS 29213 at *11 – 12 (N.D. Ga. Feb. 9, 2022) ("By failing to allege a common undertaking – between Defendants and the alleged traffickers – involving risk and or profit, Plaintiff's allegations do not support a TVPRA civil claim…").

### (b) BWI did not know and could not have reasonably known of Plaintiff's trafficking.

The Complaint does not support a reasonable inference that BWI knew or should have known of Plaintiff's involvement as a sex trafficking victim, an essential element to a claim for beneficiary liability under 18 U.S.C. § 1595(a). The Complaint does not allege BWI was aware of Plaintiff's alleged sex trafficking at 888 East Dublin Granville Road in Columbus; it merely alleges a general awareness that sex trafficking occurs in hotels across the United States (*see* Dkt. 1 at ¶¶ 65 – 70) and references a litany of online reviews and news articles regarding prostitution and drug activity at hotels across the United States. *See id*. at 72(a) – (d) under "Best Western." Not only does the Complaint fail to connect these allegations with facts to support actual or constructive knowledge of **Plaintiff's** alleged sex trafficking, but it also stands at odds with the well-settled principle that allegations of general knowledge of commercial sex or sex trafficking is insufficient to establish beneficiary liability under the TVPRA. *See Doe*, 2021 U.S. App. LEXIS 38060 at *27 ("[Plaintiffs'] only allegations as to the franchisors' knowledge or participation in those sex trafficking ventures are that the franchisors sent inspectors to the hotels who would have seen signs of sex trafficking and that they received reviews mentioning sex work occurring at the hotels. **But observing something is not the same as participating in it**.) (emphasis added); *see also C.C.*, 2022 U.S. Dist. LEXIS at *11 – 12 (N.D. Ga. Feb. 9, 2022)

("At most, Plaintiff's complaint contains conclusory allegations that claim Defendants observed and/or had actual or constructive knowledge of the illegality of sex trafficking allegedly occurring in its hotels."); *Lundstrom v. Choice Hotels Int'l, Inc.*, 2021 U.S. Dist. LEXIS 228651 at *19 (D. Colo. Nov. 30, 2021) ("general knowledge of commercial sex activity occurring at hotels across the United States is insufficient on its own to demonstrate that a franchisor participated in the trafficking of plaintiff.) (brackets omitted); *J.L. v. Best Western Int'l, Inc.*, 521 F. Supp. 3d 1048, 1064 (D. Colo. 2021); *H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697, 705 (E.D. Mich. 2020); *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 938 (D. Or. 2020). As the Complaint lacks a factual predicate to allege actual or constructive notice of Plaintiff's alleged sex trafficking at 888 East Dublin Granville Road, Columbus, Ohio, Plaintiff cannot assert a theory of beneficiary liability under the TVPRA against BWI.

### 3. Plaintiff Fails to Allege a Plausible Claim for Indirect Civil Liability under 18 U.S.C. § 1595(a).

The Complaint alleges BWI (a non-profit corporation in Arizona) exerts a degree of control over its independently owned and operated hotels such that it may be held indirectly liable for the acts or omissions of said hotels. *See* Dkt. 1 at ¶¶ 54 – 64. For example, Plaintiff alleges the Hotel Defendants exert significant control over the employment decisions of their hotel locations, including those locations where Plaintiff was trafficked. *Id.* at ¶¶ 59 – 60. Plaintiff also alleges the Hotel Defendants act as principals or joint employer of their franchised hotels because they "may enforce their brand standards by means of periodic inspections of hotel locations, backed up with the ultimate threat of termination of the franchise agreement" (*see id.* at ¶ 57) or because they promulgate policies related to training hotel employees on human trafficking. *Id.* at ¶¶ 62 – 63. Plaintiff's allegations of apparent and/or actual agency between BWI and the hotel identified in the Complaint are not supported by fact or law. Even if accepted

as true, these allegations do not establish how BWI actively participates in or controls the franchised hotels' operations. The District Court recently addressed this issue in *Gibson v. Selinsky Force, LLC*, 2022 U.S. Dist. LEXIS 3291 (S.D. Ohio Jan. 7, 2022), holding that mere supervision or a general concern safety does not establish vicarious liability. *Id*. at *22 – 24 (requirements of independent contractor to undergo site orientation training or comply with site policies and procedures do not establish active control). It also bears repeating that BWI's Membership Agreement directly controverts the Complaint's allegations regarding control over the hotels. *See* Exhibit "C" at ¶ 17.

When a franchisor or brand does not have the right to control of the subject premises, as shown here, no agency relationship exists between the franchisor and franchisee, and thus the franchisor may not be held vicariously liable for civil claims. *See Barrett-O'Neill v. Lalo, LLC*, 2014 U.S. Dist. LEXIS 109830 at *8 (S.D. Ohio Aug. 8, 2014), citing *Taylor v. Checkrite, Ltd.*, 627 F. Supp. 415, 416 – 417 (S.D. Ohio 1986). BWI also directs the Court to the National Labor Relations Board's February 26, 2020 final rule for determining joint-employer status under the National Labor Relations Act, which provides that a party is a joint employer if it exercises direct and immediate control over essential terms or conditions of another entity's employees. Joint Employer Status Under the National Labor Relations Act, 85 Fed. Reg. 11184, 11205 (Feb. 26, 2020)[2].

The Complaint does not allege how BWI exercises direct or immediate control over essential terms of the hotel locations or their employee. *See Perkins v. Am. Spotting Co. of Ohio, Inc.*, 2018 U.S. Dist. LEXIS 223473 at *9 (S.D. Ohio Dec. 13, 2018) ("The allegation that ASCO directly controls the day to day operations of ASCO Ohio is conclusory without any

---

[2] *see also* https://www.nlrb.gov/about-nlrb/what-we-do/national-labor-relations-board-rulemaking/standard-determining-joint-employer.

further factual allegations concerning *how* ASCO controls said operations."); *accord Ackison Surveying LLC v. Focus Fiber Sols., LLC*, 2017 U.S. Dist. LEXIS 35502 at *9 (S.D. Ohio Mar. 13, 2017) (Marbley, J.); *Barrett-O'Neill v. Lalo, LLC*, 2014 U.S. Dist. LEXIS 109830 at *13 (S.D. Ohio Aug. 8, 2014) (franchisor's requirement of uniformity and standardization of franchisee's services does not create an agency relationship); *Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615, 623 (S.D. Ohio 2011) (dismissal of negligence claim against franchisor appropriate absent well-pled allegations that franchisor exerted control over franchisee's daily operations).

Other federal courts have dismissed TVPRA claims against hotel chain defendants on similar grounds. *See L.W. v. Hilton Worldwide Holdings, Inc.*, 4:19-cv-4172 at Dkt. 42 (S.D. Tex. Mar. 17, 2020) (following the Court's recommendation, plaintiff amended her Complaint to remove the hotel chain defendants and dismissed the hotel chain defendants); *K.R. v. G6 Hospitality, LLC*, 19-cv-08252 at Dkt. 46 (N.D. Cal. June 4, 2020); *C.K. v. Wyndham Hotels & Resorts, Inc.*, 3:19-cv-1412 at Dkt. 126, pp. 17 – 18 (M.D. Fla. July 10, 2020) (dismissal of plaintiff's claims of direct liability and vicarious liability with prejudice based on apparent agency and alter ego); *S.J. v. Choice Hotels*, 19-cv-6071, Dkt. 66 at *5 (E.D.N.Y. July 20, 2020) ("[T]o conclude that franchisors…are liable under the TVPRA simply because they were generally aware that sex trafficking sometimes occurred on their franchisees' properties unjustifiably bridges the scienter gap between "should have known" and "might have been able to guess."); *B.M. v. Wyndham Hotels & Resorts, Inc.*, 20-cv-00656, Dkt. 80 at pp. 9 – 10 (N.D. Cal. July 30, 2020) (allegations that **franchisee hotel staff** knew or should have known of plaintiff's trafficking insufficient to support direct theory of TVPRA civil liability against corporate brands.) (emphasis added). As BWI lacks the requisite control over its independently owned and operated hotels to establish an agency relationship and as the Complaint alleges

nothing more than brand standards (*Barrett-O'Neill v. Lalo, LLC*, 2014 U.S. Dist. LEXIS 109830 at *13), Plaintiff cannot plausibly allege BWI is indirectly liable for her alleged sex trafficking.

### C. PLAINTIFF CANNOT ALLEGE CONSPIRACY TO COMMIT NEGLIGENCE CLAIM (COUNT II) AGAINST BWI.

Plaintiff alleges the Defendants are liable for conspiracy to violate the TVPRA. *See* Dkt. 1 at ¶¶ 122 – 134. It is impossible to conspire to commit negligence. *See In re Nat'l Century Fin. Enters., Inv. Litig.*, 504 F. Supp. 2d 287, 327 (S.D. Ohio 2007); *Ruth v. A.O. Smith Corp.*, 2005 U.S. Dist. LEXIS 23235 at *10 (N.D. Ohio Oct. 11, 2005) ("[T]he great majority of jurisdictions agree that conspiracy claims cannot be founded on the tort of negligence."); *Ho v. United States*, 2012 U.S. Dist. LEXIS 184578 at *32 (D. Minn. Dec. 11, 2012) ("The law does not recognize a conspiracy to commit negligence.") (internal quotation and citation omitted). This Court has repeatedly held that analysis of potential liability under the beneficiary clause of 18 U.S.C. § 1595(a) "is a **negligence standard** of constructive knowledge, not actual knowledge." *A.C.*, 2:19-cv-04965 at Dkt. 70, p. 9 (S.D. Ohio June 16, 2020) (emphasis added); *M.A.*, 425 F. Supp. 3d at 965; *H.H.*, 2019 U.S. Dist. LEXIS 211090 at *9; *S.W. v. Lorain-Elyria Motel, Inc.*, 2020 U.S. Dist. LEXIS 44961 at *16 – 18 (S.D. Ohio Mar. 16, 2020).

The conspiracy allegations in the Complaint are based on the notion that the hotel industry conspired to promote itself as "dedicated opponents of human trafficking" (*see* Dkt. 1 at ¶ 124), while simultaneously conspired to "maintain policies, practices and procedures" to financially benefit from "unlawful commercial sex ventures and human trafficking." *Id.* at ¶ 132. The Complaint criticizes the fundamental purpose of hotels, which is to provide temporary lodging accommodations with a modicum of guest privacy. Plaintiff has shown no facts to suggest Defendants worked together to ignore signs of sex trafficking occurring at

independently-owned hotels or that Defendants' opposition to the sex trafficking industry is disingenuous. For Plaintiff to allege Defendants conspired with her criminal traffickers, Plaintiff would have to allege the Defendants are liable under 18 U.S.C. 1591(a). Such an allegation is not contained within the Complaint. Neither has Plaintiff shown facts to suggest BWI's purported memberships in hotel trade organizations support a conspiracy claim. *Clarkwestern Dietrich Bldg. Sys. LLC v. Certified Steel Stud Ass'n*, 2013 U.S. Dist. LEXIS 194260 at *10 (S.D. Ohio Dec. 20, 2013), *citing In re Welding Fume Prods. Liab. Litig.*, 526 F. Supp. 2d 775, 800 (N.D. Ohio 2007).

Plaintiff alleges blatant displays of human sex trafficking at the hotels while also alleging the same activities are covert in nature (Dkt. 1 at ¶ 2) but somehow simultaneously are visible to the hotel staff. (*id.* at ¶¶ 43 – 52) (*e.g.*, *id.* at ¶ 51: "Had the Hotel Defendants not hewed to a common policy of actively ignoring signs of ongoing human trafficking, the open and obvious signs of T.P.'s sex trafficking would likely have resulted in a far earlier reporting of her traffickers and thus in a far earlier end to her victimization.").

Plaintiff is essentially requiring the hotel industry to prevent a global crime. Several district courts have expressly disavowed the construction that "Congress imposed duties upon business to affirmatively prevent sex trafficking on their hotel properties" or that "hotels (and other businesses or professional possibly earning money from trafficking)" are required "to affirmatively stop [sex] trafficking." *A.B. v. Marriott International, Inc.*, 2020 U.S. Dist. LEXIS 70644 at *18 (E.D. Pa. Apr. 22, 2020); *accord S.J. v. Choice Hotels*, 19-cv-6071, Dkt. 66 at *5 (E.D.N.Y. July 20, 2020); *B.M. v. Wyndham Hotels & Resorts, Inc.*, 20-cv-00656, Dkt. 80 at p. 11 (N.D. Cal. July 30, 2020) ("To be clear, the Court does not read section 1595 of TVPRA [to] requir[e] hotels or their franchisors to affirmatively stop sex trafficking.").

Plaintiff cannot simply use the TVPRA as carte-blanche to sue the "hotel industry." As the United States Judicial Panel on Multidistrict Litigation recognized in denying plaintiffs' requests for centralized litigation of TVPRA claims, hotels are not monolithic. *See In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353 (J.P.M.L. 2020). Each hotel brand is a distinct entity, as are the individual hotels and individual hotel owners affiliated with each brand. The Complaint fails to allege facts to support Plaintiff's claims and grounds upon which they rest, and merely makes broad allegations controverted by BWI's Membership Agreement and case law.

## IV. CONCLUSION

The Complaint fails to provide BWI with specific allegations of negligence or statutory misconduct, which prevents BWI from asserting meaningful defenses other than general denials to the allegations. Notwithstanding the Complaint's failure to provide allegations to support a theory of beneficiary liability, BWI has established it is an improper party to this litigation. Finally, Plaintiff cannot allege conspiracy based on an underlying act of negligence. For the foregoing reasons, Defendant's motion should be granted and the Complaint should be dismissed against BWI.

Dated: March 11, 2022

Respectfully submitted,

/s/ *Judd Uhl*

Judd Uhl (0071370)
LEWIS BRISBOIS BISGAARD &
SMITH LLP
250 East 5th Street, Suite 2000
Cincinnati, Ohio 045202
Telephone: 513.808.9913
Facsimile: 513.808.9912
Judd.Uhl@lewisbrisbois.com
*Attorneys for Defendant*

*Best Western International, Inc.*

/s/ *Karen Campbell*

Karen Campbell (*pro hac vice* application
forthcoming)
**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399
Karen.Campbell@lewisbrisbois.com
*Attorneys for Defendant*
*Best Western International, Inc.*

4890-6256-4884.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify on the 20th day of August, 2020, the foregoing was served on counsel of record through the Court's electronic filing system, and paper copies will be sent to all parties without an appearance by conventional mail.

<u>/s/ *Judd Uhl*</u>
Judd Uhl