**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| T.P., an individual,<br><br>                    Plaintiff,<br><br>   v.<br><br>RED ROOF INNS, INC., BEST WESTERN<br>INTERNATIONAL, INC., WYNDHAM HOTELS<br>& RESORTS, INC., AMERICAN HOTEL &<br>LODGING ASSOCIATION, and OHIO HOTEL &<br>LODGING ASSOCIATION,<br><br>                    Defendants. | Case No. 2:21-CV-04933-ALM-EPD |

**ANSWER TO COMPLAINT OF**
**DEFENDANT WYNDHAM HOTELS & RESORTS, INC.**

Defendant Wyndham Hotels & Resorts, Inc. ("Defendant" or "WHR"), by and through its counsel, for its Answer to Plaintiff T.P.'s ("Plaintiff") Complaint, states as follows:

1.     Paragraph 1 consists of argumentative narrative that is not directed to any party and, therefore, does not require a response. To the extent a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the sex trafficking industry.

2.     Paragraph 2 consists of argumentative narrative that is not directed to any party and, therefore, does not require a response. To the extent a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2.

3.     Paragraph 3 consists of argumentative narrative that is not directed to any party and, therefore, does not require a response. To the extent a response may be required, WHR lacks

sufficient knowledge or information to form a belief as to the truth of the alleged statistics set forth in Paragraph 3.

4. WHR denies the allegations in Paragraph 4, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding "the hospitality industry" and against the other "Hotel Defendants."

5. WHR denies the allegations in Paragraph 5, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the "hospitality industry" and against the other "Hotel Defendants."

6. WHR denies the allegations in Paragraph 6, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the "hospitality industry" and other "industry participants."

7. The allegations in Paragraph 7 constitute legal conclusions to which no response is required. Insofar as a response may be required, WHR does not contest this Court's subject matter jurisdiction.

8. The allegations in Paragraph 8 constitute legal conclusions to which no response is required. Insofar as a response is required, WHR does not contest venue in this District.

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 9, but WHR does not contest personal jurisdiction in this Court.

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required. Insofar as a response is required, WHR denies the allegations in Paragraph 10, except it admits that a Related Case Memorandum (ECF No. 4) was entered.

11. The statements in Paragraph 11 and its subparts constitute argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the facts alleged regarding Plaintiff's disclosures.

12. Paragraph 12 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. Paragraph 13 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. Paragraph 14 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Paragraph 15 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. WHR denies the allegations in Paragraph 16, except it admits that it is a Delaware corporation with a principal place of business in Parsippany, New Jersey and that it was served through its registered agent.

17. The statements in Paragraph 17 constitute argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 17.

18. WHR denies the allegations in Paragraph 18.

19. Paragraph 19 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Paragraph 20 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. WHR denies the allegations in Paragraph 21, except that it admits that the Complaint initially purported to assert claims for conspiracy and violations of the TVPRA.

22. Paragraph 22 contains narrative argument that is not directed against any Defendant and, therefore, does not require a response. Insofar as a response may be required, WHR denies the allegations in Paragraph 22, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding "the vast majority of commercial sex trafficking transactions occur within the hospitality industry."

23. Paragraph 23 contains narrative argument that is not directed against any Defendant and, therefore, does not require a response. Insofar as a response may be required, WHR denies the allegations in Paragraph 23, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hospitality industry, generally.

24. WHR denies the allegations in Paragraph 24, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hospitality industry, generally, and it admits that it is in the hospitality industry.

25. Paragraph 25 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 25,

except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed to other Defendants.

26.     Paragraph 26 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 26, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the hospitality industry, generally, and other industry participants and Defendants.

27.     Paragraph 27 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 27, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants.

28.     WHR denies the allegations in Paragraph 28, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants and the hospitality industry, generally.

29.     Paragraph 29 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 29, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the other Defendants.

30.     Paragraph 30 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 30, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants and the hotel industry, generally.

31.     Paragraph 31 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 31,

except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants and the hotel industry, generally.

32.     Paragraph 32 consists of a legal conclusion to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 32.

33.     Paragraph 33 consists of argument and a legal conclusion to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 33, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged injuries.

34.     Paragraph 34 consists of argument and a legal conclusion to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 34.

35.     WHR lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35.

36.     WHR lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36.

37.     WHR denies the allegations in Paragraph 37, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking and other Defendants.

38.     WHR lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38.

39.     WHR lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39.

40.     WHR denies the allegation in Paragraph 40 and its subparts, except it lacks sufficient knowledge or information to form a belief about the truth of the allegations relating to

other Defendants, and it admits that the hotel property located at 1078 East Dublin-Granville Road, Columbus, Ohio was franchised as a Super 8®.

41.     WHR lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41.

42.     WHR denies the allegations in Paragraph 42, except it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged trafficking and other Defendants.

43.     WHR denies the allegations in Paragraph 43, except it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged trafficking and other Defendants.

44.     WHR denies the allegations in Paragraph 44, except it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged trafficking and other Defendants.

45.     WHR denies the allegations in Paragraph 45, except it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged trafficking and other Defendants.

46.     WHR denies the allegations in Paragraph 46 and its subparts, except it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged trafficking and other Defendants.

47.     WHR denies the allegations in Paragraph 47, except it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged trafficking and other Defendants.

48.     WHR denies the allegations in Paragraph 48 and its subparts insofar as it alleges any facts relating to WHR, except it lacks sufficient knowledge or information to form a belief about the truth of the allegations relating to other Defendants.

49.     WHR denies the allegations in Paragraph 49, except it lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Plaintiff's alleged trafficking and other Defendants.

50.     WHR denies the allegations in Paragraph 50, except it lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding other Defendants.

51.     WHR denies the allegations in Paragraph 51, except it lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding other Defendants.

52.     Paragraph 52 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 52, except it lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding other Defendants.

53.     Insofar as Paragraph 53 incorporates prior allegations, WHR denies the allegation in Paragraph 53.

54.     WHR denies the allegations in Paragraph 54, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants, and it admits that franchisor subsidiaries have adopted brand standards.

55.     WHR denies the allegations in Paragraph 55, except it admits that franchised properties may display trade names at a property, and it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants.

56.     WHR denies the allegations in Paragraph 56, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants.

57.     WHR denies the allegations in Paragraph 57, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

58.     WHR denies the allegations in Paragraph 58, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants.

59.     WHR denies the allegations in Paragraph 59, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants and the hospitality industry, generally.

60.     WHR denies the allegations in Paragraph 60, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

61.     Paragraph 61 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 61, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

62.     WHR denies the allegations in Paragraph 62, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants.

63.     WHR denies the allegations in Paragraph 63, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants.

64.     WHR denies the allegations in Paragraph 64, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against the other named Defendants.

65.     WHR denies the allegations in Paragraph 65, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants.

66. WHR denies the allegations in Paragraph 66, except it admits that it signed the Code and refers to an authenticated copy of ECPAT's "Code" for its contents.

67. WHR denies the allegations in Paragraph 67, except it lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding "nationwide campaigns."

68. WHR denies the allegations in Paragraph 68, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations regarding unspecified "individual hotel location[s]" and against other Defendants.

69. WHR denies the allegations in Paragraph 69, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants.

70. WHR denies the allegations in Paragraph 70, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants, and it admits that it has access to public websites.

71. WHR denies the allegations in Paragraph 71, except it lacks sufficient knowledge or information to form a belief as to truth of the allegations against other Defendants.

72. WHR denies the allegations in Paragraph 72 and its subparts, except it lacks knowledge sufficient to form a belief as to the allegations against other Defendants and alleged incidents at particular hotels, and it admits that this Paragraph refers to various reports and refers to authenticated copies of such reports for their contents.

73. WHR denies the allegations in Paragraph 73, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

74. WHR denies the allegations in Paragraph 74 and its subparts, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

75. WHR denies the allegations in Paragraph 75, except it admits that it currently is a member of AHLA.

76. WHR denies the allegations in Paragraph 76, except it lacks sufficient knowledge or information to form a belief as to the allegations related to other Defendants.

77. WHR denies the allegations in Paragraph 77 and its subparts, except it lacks sufficient knowledge or information to form a belief as to the allegations against other Defendants, and it admits that AHLA issues communications and refers to authenticated copies for their content.

78. WHR denies the allegations in Paragraph 78, except it lacks sufficient knowledge or information to form a belief as to the allegations against other Defendants, and it admits that WHR trains its employees.

79. WHR denies the allegations in Paragraph 79.

80. WHR denies the allegations in Paragraph 80, except it lacks sufficient knowledge as to form a belief as to allegations against other Defendants or relating to front desk employees at franchised hotels.

81. Paragraph 81 is not directed to WHR and, therefore, does not require a response. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81.

82. WHR denies the allegations in Paragraph 82, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding all of AHLA's

"trafficking-related materials" and refers to authenticated copies of any such materials for their content.

83. Paragraph 83 consists of vague narrative argument that does not require a response. Insofar as a response may be required, WHR denies the allegations in Paragraph 83, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations relating to "industry participants" or other Defendants, and it admits that human trafficking training was not required for all employees during the alleged trafficking period.

84. WHR denies the allegations in Paragraph 84, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants.

85. WHR denies the allegations in Paragraph 85, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants.

86. WHR denies the allegations in Paragraph 86, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding other Defendants.

87. Paragraph 87 consists of vague narrative argument that does not require a response. Insofar as a response may be required, WHR denies the allegations in Paragraph 87, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants.

88. WHR lacks sufficient information to form a belief as to the allegations in Paragraph 88, except it admits that AHLA holds and WHR has attended meetings regarding human trafficking.

89. WHR denies the allegations in Paragraph 89, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants, and it admits that AHLA holds and WHR has attending meetings regarding human trafficking.

90.     WHR denies the allegations in Paragraph 90, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants.

91.     Paragraph 91 of the Complaint is not directed to WHR and therefore does not require a response. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91, except it admits that AHLA has issued communications addressing human trafficking, and it refers to authenticated copies of such communications for the content.

92.     Paragraph 92 is not directed to WHR and therefore does not require a response. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93.     WHR denies the allegations in Paragraph 93, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

94.     WHR denies the allegations in Paragraph 94, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

95.     Paragraph 95 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR denies the allegations in Paragraph 95.

96.     Paragraph 96 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96.

97.     Paragraph 97 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97.

98.     Paragraph 98 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98.

99.     Paragraph 99 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99.

100.    Paragraph 100 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR denies the allegations in Paragraph 100.

101.    Paragraph 101 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101.

102.    Paragraph 102 and its subparts do not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR denies the allegations in Paragraph 102 and its subparts, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

103.    Paragraph 103 does not require a response because as Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR denies the allegations in Paragraph 103, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding hotel associations.

104.    Paragraph 104 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104.

105.    Paragraph 105 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR denies the allegations in Paragraph 105, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants and hotel associations.

106.    Paragraph 106 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106.

107.    Paragraph 107 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR denies the allegations in Paragraph 107, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

108.    Paragraph 108 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108.

109.    Paragraph 109 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR denies the allegations in Paragraph 109, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants.

110.     Paragraph 110 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110.

111.     Paragraph 111 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111.

112.     Paragraph 112 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113.     Paragraph 113 does not require a response because Plaintiff has dismissed her conspiracy claim and it is not directed to WHR. Insofar as a response may be required, WHR denies the allegations in Paragraph 113, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations against other Defendants and OHLA.

114.     Paragraph 114 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR denies the allegations in Paragraph 114, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants.

115.     Paragraph 115 does not require a response because Plaintiff has dismissed her conspiracy claim. Insofar as a response may be required, WHR denies the allegations in Paragraph

115, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other Defendants.

116.    WHR incorporates by reference its responses to each foregoing allegation as if fully set forth herein.

117.    Paragraph 117 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies that it is liable to Plaintiff under 18 U.S.C. § 1595 and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117.

118.    Paragraph 118 consists of argument and legal conclusions to which no response may be required. Insofar as a response is required, WHR denies the allegations in Paragraph 118.

119.    Paragraph 119 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 119.

120.    Paragraph 120 consists of argument and legal conclusions to which no response is required. Insofar as a response may be required, WHR denies the allegations in Paragraph 120, except that it lacks sufficient knowledge or information to form a belief as to Plaintiff's alleged trafficking and the allegations against other Defendants.

121.    Paragraph 121 does not require a response because Plaintiff has dismissed Count II.

122.    Paragraph 122 does not require a response because Plaintiff has dismissed Count II.

123.    Paragraph 123 does not require a response because Plaintiff has dismissed Count II.

124.    Paragraph 124 does not require a response because Plaintiff has dismissed Count II.

125.    Paragraph 125 does not require a response because Plaintiff has dismissed Count II.

126.    Paragraph 126 does not require a response because Plaintiff has dismissed Count II.

127.    Paragraph 127 does not require a response because Plaintiff has dismissed Count II.

128.    Paragraph 128 does not require a response because Plaintiff has dismissed Count II.

129.    Paragraph129 does not require a response because Plaintiff has dismissed Count II.

130.    Paragraph 130 does not require a response because Plaintiff has dismissed Count II.

131.    Paragraph 131 does not require a response because Plaintiff has dismissed Count II.

132.    Paragraph 132 does not require a response because Plaintiff has dismissed Count II.

133.    Paragraph 133 does not require a response because Plaintiff has dismissed Count II.

134.    Paragraph 134 does not require a response because Plaintiff has dismissed Count II.

135.    Paragraph 135 does not require a response because Plaintiff has dismissed Count II.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND DEENSE

The Complaint, and each cause of action therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were superseding and/or intervening acts of parties over whom WHR had no right of control.

### THIRD DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than WHR, including third parties such as Plaintiff's alleged traffickers, under the principles of equitable allocation, recoupment, set-off, collateral source, proportionate responsibility, contribution among tortfeasors and/or comparative fault, as well as any defenses, terms and/or provisions of 18 U.S.C. §1595.

### FOURTH DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part insofar as Plaintiff's injuries, if any, are the result of intentional acts attributable to third parties, specifically, the aforementioned traffickers.

**FIFTH DEFENSE**

The Complaint, and each cause of action there in, is barred in whole or in part because, insofar as any of the acts or omissions alleged herein were committed by WHR's agents or employees, the agents or employees were not acting within the scope of their authority conferred, or subsequently ratified, by WHR.

**SIXTH DEFENSE**

The Complaint, and each cause of action therein, is barred in whole or in part because WHR was not the proximate cause of plaintiff's alleged injuries.

**SEVENTH DEFENSE**

The Complaint, and each cause of action therein, is barred in whole or in part insofar as reasonable steps were not taken to mitigate damages.

**EIGHTH DEFENSE**

The Complaint, and each cause of action therein, is barred in whole or in part because of the applicable statute of limitations.

**NINTH DEFENSE**

The Complaint, and each cause of action therein, is barred in whole or in part by the doctrines of waiver and/or estoppel.

**TENTH DEFENSE**

The Complaint, and each cause of action therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

## ELEVENTH DEFENSE

The Complaint, and each cause of action therein, fails to establish that punitive damages are authorized or warranted under federal law, or that WHR acted with intentional or outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

## TWELFTH DEFENSE

WHR does not own, operate, manage, maintain, supervise, lease, occupy or control the day-to-day operations at the hotel facilities located at 1078 East Dublin-Granville Road, Columbus, OH 43229, or 1100 Mediterranean Avenue, Columbus, OH 43229, or the premises on which said facilities are located and therefore, is not liable for any damage, loss, or liability alleged by Plaintiff.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, WHR denies each and every allegation in the Complaint, whether express or implied, that WHR has not expressly and unequivocally admitted in this Answer. Having answered Plaintiff's Complaint fully, WHR prays that it be discharged from this action with reasonable costs of Court and such further relief as the Court may deem appropriate.

Dated: December 22, 2022        Respectfully submitted,

            */s/ Michael R. Reed*
            Michael R. Reed (0063995)
            Elisé K Yarnell (0093996)
            Hahn Loeser & Parks, LLP
            65 East State Street, Suite 1400
            Columbus, Ohio 43215
            T: 614.233.5165
            F: 614.221.5909
            mreed@hahnlaw.com
            eyarnell@hahnlaw.com

            David S. Sager (*pro hac vice forthcoming*)
            DLA Piper LLP (US)

51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
T: 973.520.2550
F: 973.520.2551
david.sager@dlapiper.com

Melissa A. Reinckens (*pro hac vice forthcoming*)
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
T: 619.699.2700
F: 619.699.2701
melissa.reinckens@us.dlapiper.com

Christopher B. Donovan (*pro hac vice forthcoming*)
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
T: 713.425.8449
F: 713.425.6040
christopher.b.donovan@us.dlapiper.com

*Counsel for Defendant*
*Wyndham Hotels & Resorts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

/s/ *Elisé K. Yarnell*