IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

T.P.,

    **Plaintiff,**

    v.

**WYNDHAM HOTELS & RESORTS, INC.,** *et al.***,**

    **Defendants.**

Civil Action 2:21-cv-4933
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Defendant Best Western International, Inc.'s Motion for Leave to File Third Party Complaint. (ECF No. 93.) For the following reasons, the Motion is **GRANTED**.

## I. PROCEDURAL HISTORY

On October 2, 2021, Plaintiff T.P. filed her Complaint against Defendants Red Roof Inns, Inc. ("Red Roof"), Best Western International, Inc. ("Best Western"), Wyndham Hotels & Resorts, Inc. ("Wyndham"), American Hotel and Lodging Association, and Ohio Hotel and Lodging Association. (ECF No. 1.) On April 26, 2022, the Court entered a Preliminary Pretrial Order that ordered that "[m]otions or stipulations to amend the pleadings to join additional parties shall be filed by OCTOBER 19, 2022, or sixty days after finalizing on motions to dismiss, whichever is later." (ECF No. 50.) On December 1, 2022, the Court resolved various motions to dismiss filed by Wyndham and Best Western. (ECF No. 68.) On February 12, 2023, Best Western filed an Answer to Plaintiff's Complaint. (ECF No. 79.)

On May 2, 2023, Best Western filed the subject Motion, seeking to assert indemnification claims against Third-Party Defendants Columbus Hotel Inc. d/b/a Best Western North ("Columbus North") and 888 Dublin Investment LLC f/k/a Neuman Investment LLC d/b/a Best Western North ("888 Dublin Investment"), which purportedly owned and operated the Best Western hotel identified in Plaintiff's Complaint. (ECF No. 93.) On May 23, 2023, Plaintiff opposed the subject Motion, generally arguing that Best Western's request was untimely and futile. (ECF No. 97.) On June 6, 2023, Best Western filed a Reply brief. (ECF No. 98.) Accordingly, the matter is fully briefed and ripe for judicial review.

## II. STANDARD OF REVIEW

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension.") (quotation omitted). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

### III.  ANALYSIS

Best Western has demonstrated good cause to amend the deadline for motions to join parties.  First, the Court finds that Plaintiff will not suffer prejudice by virtue of Best Western's third-party complaint.  On this point, Plaintiff only argues that "allowing a third-party Complaint to be filed at this stage will unnecessarily complicate this proceeding."  (ECF No. 97 at PAGEID # 1159.)  The Court disagrees.  Best Western filed the subject Motion less than three months after filing its Answer in this action.  (*See* ECF No. 79.)  Additionally, as Best Western correctly observes, the proposed Third-Party Complaint "will not require Plaintiff to expend additional resources conducting discovery or preparing for trial."  (ECF No. 98 at PAGEID # 1169.)  The Court further agrees that Best Western's proposed Third-Party Complaint is likely to "expedite discovery overall," as Columbus North and 888 Dublin Investment will be subject to the normal discovery process without invoking non-party subpoenas.  (*Id.*)  For these reasons, the Court also finds that Best Western was duly diligent in filing the subject Motion.

While the Court's operative Preliminary Pretrial Order, ECF No. 59, required the parties to add parties by no later within sixty (60) days of the Court's resolution of the motions to dismiss, this case is still in its infancy and the Court is well aware of the parties' joint intention to enter a new scheduling order.  To this end, Plaintiff does not dispute Best Western's assertions that "[t]he parties are still negotiating the terms of a Protective Order, Confidentiality Order and Electronically-Stored Information Order" and that "no substantial discovery has commenced." (ECF No. 93 at PAGEID # 1105; *see also* ECF No. 98 at PAGEID # 1163 ("Plaintiff's counsel has proposed extending discovery deadlines up to eight months.").)  Accordingly, given the parties' evident agreement that this case is in its infancy and requires a new case schedule, the

3

Court was candidly surprised that Plaintiff opposed the subject Motion on the basis of untimeliness. Regardless, Plaintiff's procedural opposition is not well taken.

Nor is the Court receptive to Plaintiff's substantive argument, that Best Western's proposed Third-Party Complaint is futile – at least for purposes of the subject Motion. (*See* ECF No. 97 at PAGEID ## 1149-1157.) Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See, e.g., Lauren v. PNC Bank, N.A.*, No. 2:14–cv–0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) (recognizing the "conceptual difficulty presented"), and 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . ."); *see also Diamond Transportation Logistics Inc. v. Kroger Co.*, No. 2:19-CV-5448, 2020 WL 7253304, at *2–3 (S.D. Ohio Dec. 10, 2020) (Granting leave to file a Third Party Complaint notwithstanding opposition on grounds of futility).

In light of this procedural impediment, the Court concludes that the better course is to permit Best Western to file its proposed Third-Party Complaint, with the understanding that the other parties are free to challenge it through a motion to dismiss or a motion for judgment on the pleadings. *See Lauren*, 2014 WL 1884321, at *3 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *see also Coleman v. Caliber Home Loans, Inc.*, No. 2:14–cv–243, 2014 WL 6821163, at *3 (S.D. Ohio Dec. 3, 2014) (granting motion for leave to amend where "[r]esolution of the specific challenges to plaintiffs' claims are, in this Court's

4

estimation, better left for consideration by the District Judge in the context of a renewed motion to dismiss"); *Diamond Transportation Logistics Inc.*, 2020 WL 7253304, at *3 (citing cases).

Accordingly, for good cause shown, Defendant Best Western International, Inc.'s Motion for Leave to File Third Party Complaint (ECF No. 93) is **GRANTED**.  The Clerk is **DIRECTED** to file the Proposed Third-Party Complaint Against Columbus Hotel Inc. d/b/a Best Western North and 888 Dublin Investment LLC f/k/a Neuman Investment LLC d/b/a Best Western North which is attached to the subject Motion, as well as Exhibit 1 attached thereto. (ECF Nos. 93-2, 93-3.)

**IT IS SO ORDERED.**

Date: June 12, 2023                              /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**