## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

T.P., *an individual*,                  :
                                        :
                    Plaintiff,          :
                                        :         **Civil Action 2:21-cv-4933**
            v.                          :         **Chief Judge Algenon L. Marbley**
                                        :         **Magistrate Judge Elizabeth P. Deavers**
RED ROOF INNS, INC., *et al.*           :
                                        :
                    Defendants.         :

## OPINION & ORDER

This matter is before this Court on the Motions to Intervene by Proposed Intervenors Erie

Insurance Exchange ("Erie") and Liberty Mutual Fire Insurance Company ("LMFIC"). (ECF Nos.

70; 86). For the following reasons, Proposed Intervenors' Motions are **DENIED**.

## I.        BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"),

18 U.S.C. § 1595(a). From 1993 through 2016, Plaintiff, T.P., alleges she was trafficked for sex at

a Red Roof Inn, Travelodge, and Super 8 in Columbus, Ohio. (ECF No. 1 at 11). Plaintiff seeks to

hold Defendant hotel corporations liable for "facilitating human trafficking through their

participation in the harboring of Plaintiff and her traffickers for the purposes of commercial sex

induced by force, fraud, or coercion." (*Id.* at 30).

Travelodge and Super 8 are owned and operated by P & S Hotel Group (dba Zeal Hotel

Group or "Zeal"), but are Wyndham Hotels & Resorts, Inc. ("Wyndham") branded properties.[1]

(ECF No. 70 at 1). Erie has issued an insurance policy for Zeal, and Wyndham claims to be an

additional insured under the policy. (*Id.*). LMFIC has issued an insurance policy for Red Roof Inn,

---

[1] Wyndham is a named defendant in this action.

Inc. ("Red Roof"), who is also a named defendant in this action. (ECF No. 86 at 1). In December

2022 and March 2023 respectively, pursuant to Federal Rule of Civil Procedure 24, Erie and

LMFIC moved to intervene for the purpose of seeking a declaratory judgment against Zeal and

Red Roof regarding their obligations related to insurance coverage, if any, to defend and/or

indemnify Zeal and Red Roof in relation to T.P.'s claims. (ECF Nos. 70; 86). Both also seek to

participate in all aspects of the lawsuit, and argue they have a right to intervene, pursuant to Rule

24(a), to protect adequately their interests in this case. (*Id.* at 3; *Id*. at 4). Alternatively, both argue

this Court should exercise its discretion to grant permissive intervention. (*Id*.). Plaintiff timely

responded to both motions. (ECF Nos. 72 at 10; 90 at 9). Only, Erie replied (ECF No. 73).

Therefore, these Motions are ripe for review.

## II.  STANDARD OF REVIEW

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who:

> "claims an interest relating to the property or transaction that is the subject of the
> action[] and is so situated that disposing of the action may as a practical matter
> impair or impede the movant's ability to protect its interest, unless existing parties
> adequately represent that interest."

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish: (1) that the motion was

filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case;

(3) that an interest will be impaired without intervention; and (4) the current parties inadequately

protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.

3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F. 3d 394, 397–98 (6th Cir. 1999)).

A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs

v. Norris*, 870 F. 2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F. 2d 1224, 1227

(6th Cir. 1984)). While the Sixth Circuit interprets the interest sufficient to invoke intervention of

right expansively, not "any articulated interest will do." *Granholm*, 501 F.3d at 780. The analysis addressing the existence of a substantial legal interest "is necessarily fact-specific." *Id.*

Permissive intervention under Rule 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *U.S. v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

### III.     ANALYSIS

#### A.  **Intervention as of Right**

##### *1. Substantial legal interest*

This Court begins its analysis with a discussion of Movants' asserted interests—prong two of the Sixth Circuit's required test.[2] Plaintiff argues Erie and LMFIC's interests are contingent rather than direct, as they only seek to preserve their right to intervene under Ohio law, which requires insurance companies to move to intervene or else be bound by collateral estoppel. (ECF Nos. 72 at 4; 90 at 5); *see Howell v. Richardson*, 544 N. E. 2d 879, 881 (Ohio 1989).

Erie and LMFIC's interests here are not substantial, as courts have routinely denied intervention to insurers contesting coverage, finding their interest in the underlying action merely

---

[2] The litigation has progressed too far for Erie or LMFIC to intervene now because these Motions were filed one year and five months after Plaintiff filed her Amended Complaint, respectively, and the lawsuit is deep in discovery. (ECF Nos. 72 at 4; 90 at 4). On the balance of timeliness factor, courts have split on finding motions filed at similar stages of the case timely. *Cf. J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (finding motion to intervene not timely when filed three and a half months after complaint where there was risk of delay or prejudice to the original parties); *Indiana Ins. Co. v. Midwest Maint.*, No. C-3-99-351, 2000 WL 987829, at *2 (S.D. Ohio Jan. 7, 2000) (finding motion to intervene timely when filed slightly over three months after the complaint before significant discovery had taken place). Because the parties' discussion of timeliness is minimal, and because this Court finds the Motions fail for other reasons, it is not necessary to undergo analysis of the timeliness of this case. *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000).

contingent and unrelated to the cause of action. *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (finding the intervention interest of an insurer of defendant hotel franchisors merely contingent rather than substantial, where Plaintiff's claim focused on sex trafficking violations under the TVPRA); *Adams v. Ohio Univ.*, No. 2:17-cv-200, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017) (finding that an insurer's interest is contingent until the insurer "knows whether or not it owes a duty to defend and/or indemnify" an insured); *J4 Promotions, Inc. v. Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (insurer's claim to intervene in a copyright infringement/unfair competition action was wholly unrelated to the underlying intellectual property dispute, and therefore, intervention was inappropriate).

This Court finds Erie and LMFIC's interests are merely contingent because their stakes in this litigation are dependent on a determination of Wyndham and Red Roof's liability and the adjudication of Erie and LMFIC's obligations to them under the insurance contracts, which are separate and apart from Plaintiff's TVPRA claim. *See Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (insurer's interest was not direct nor substantial because it was contingent on the outcome of the litigation). It is therefore not sufficiently direct and immediate to justify intervention as a matter of right. *J4 Promotions*, 2010 WL 1839036, at *3 (concluding intervention is inappropriate where an insurer contests coverage, but only has a contingent interest in the underlying action).

### 2. Interest will be impaired without intervention

In response to Erie and LMFIC's assertion that their interests will be impaired without intervention (ECF Nos. 72 at 6; 90 at 6), Plaintiff asserts that these insurance disputes are not properly considered part of T.P.'s TVPRA claim, and such a dispute could "interfere with and in

effect control the defense." (*Id.* (citing *Travelers Indem. Co.*, 884 F. 2d at 638)). Further, Plaintiff argues that Erie and LMFIC have sufficiently met the requirements of *Howell* to avoid collateral estoppel by filing these Motions and do not need to intervene in this lawsuit to protect their interests. (ECF Nos. 72 at 6–7; 90 at 7).

Erie and LMFIC may still pursue a separate declaratory judgment action. In 2007, the Ohio Supreme Court ruled that where an insurer has sought and has been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's coverage. *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). As Erie acknowledges, it is not collaterally estopped from pursuing future litigation against Wyndham because it filed this Motion (ECF No. 70 at 2), and so it's and LMFIC's interests will not be impaired without intervention. (ECF No. 73 at 1–2). Further, to allow Erie and LMFIC to intervene will only prejudice the existing parties as their interest is merely contingent.

### 3. Sufficiency of representation

Erie and LMFIC offer no explanation of why they believe the existing parties do not represent adequately their interests. As Erie and LMFIC's interests are contingent and their asserted interests will not be impaired if intervention is denied, this Court need not analyze this prong. Even though the other parties are not litigating the issue of insurance coverage, it is not clear that Erie and LMFIC's interests would not be represented adequately by the existing parties. Plaintiff, Red Roof, and Wyndham have a strong interest in litigating the issue of Defendants' liability under the TVPRA. Accordingly, Erie and LMFIC are not entitled to intervention as of right under Rule 24(a)(2).

## B.  Permissive Intervention

Alternatively, Erie and LMFIC seek permissive intervention under Rule 24(b) which permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." (ECF Nos. 70 at 3; 86 at 5). They argue Erie and LMFIC's motions are timely, allege one common question of law or fact with the cause of action, and that even if denied, the Motions will protect Erie and LMFIC from being barred from subsequently litigating the issue. (*Id.* at 3–4; *Id.* at 5–6). Plaintiff argues Erie and LMFIC's disputes do not share common questions of law or fact with this lawsuit because they are related to coverage and contract interpretation, not sex trafficking. (ECF Nos. 72 at 8–9; 90 at 8–9). Finally, Plaintiff asserts that Erie and LMFIC's Motions are an unnecessary interjection that would require "substantial time, energy, and delay to dispute and discover." (*Id.* at 9; *Id*. at 9).

A motion for permissive intervention "should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010); *see also Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-cv-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurer "cannot establish that its insurance action shares questions of law and fact with the underlying copyright action"); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply"). While Erie and LMFIC are interested in the question of liability in this case, it is only insofar as it effects their coverage obligations. This interest is

contingent on Plaintiff's success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action.

Further, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of insurance coverage are introduced, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4.

Accordingly, given the foregoing analysis, this Court declines to exercise its discretion to grant Erie and LMFIC permissive intervention.

## IV.    CONCLUSION

For the foregoing reasons, Proposed Intervenors Erie and LMFIC's Motions to Intervene (ECF Nos. 70; 86) are **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 5, 2023**