# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE HOTEL TVPRA LITIGATION** | : **Case Nos.** 2:22-cv-3846; 2:22-cv-3797;<br>: 2:22-cv-3768; 2:22-cv-3767, 2:22-cv-3772;<br>: 2:22-cv-3799; 2:22-cv-3786; 2:22-cv-3844;<br>: 2:22-cv-3766; 2:22-cv-3788; 2:22-cv-2682;<br>: 2:22-cv-3778; 2:22-cv-3776; 2:22-cv-3787;<br>: 2:22-cv-3839; 2:22-cv-3769, 2:22-cv-3773;<br>: 2:22-cv-3845; 2:22-cv-3771; 2:22-cv-3770;<br>: 2:22-cv-3774; 2:22-cv-3782; 2:22-cv-3784;<br>: 2:21-cv-4933.<br>:<br>: **Judge Algenon L. Marbley** |

## OPINION & ORDER

This matter comes before this Court on twenty-six (26) Motions for Partial Reconsideration filed by Defendants Red Roof Franchising, LLC, Red Roof Inns (collectively, "RRI Defendants"), and Wyndham Hotels & Resorts, Inc. in cases brought under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).[1] For the reasons stated below, this Court **GRANTS** twenty-four (24) motions and reconsiders its prior orders as set forth herein, and **DENIES** two motions.

### I. BACKGROUND

There are currently over forty-five (45) cases pending in the Southern District of Ohio, brought by victims alleged to have been sex trafficked at various hotel properties across the

---

[1] *See A.M. v. Wyndham Hotels and Resorts, Inc., et al.*, No. 2:22-cv-3797 (ECF Nos. 68, 71); *A.S. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3846 (ECF No. 58); *A.Y. v. Red Roof Inns, Inc.*, et al., No. 2:22-cv-3768 (ECF No. 57); *A.Y.S. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3767 (ECF No. 50); *C.B. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3772 (ECF No. 57); *C.C. v. Wyndham Hotels and Resorts, Inc., et al.*, No. 2:22-cv-3799 (ECF No. 80); *D.K. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3786 (ECF No. 54); *D.T. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3844 (ECF No. 52); *G.G. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3766 (ECF No. 60); *G.M. v. Choice Hotels International, Inc., et al.*, No. 2:22-cv-3788 (ECF Nos. 79, 82); *G.P. v. Wyndham Hotels & Resorts, Inc.*, et al., No. 2:22-cv-2682 (ECF No. 97); *H.S. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3778 (ECF No. 54*); J.B. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3776 (ECF No. 56); *K.D. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3787 (ECF No. 57); *K.F. v. Choice Hotels International, Inc., et al.*, No. 2:22-cv-3839 (ECF No. 64); *K.L. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3769 (ECF No. 57); *K.R.L. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3773 (ECF No. 58); *K.W. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3845 (ECF No. 47); *N.B. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3771 (ECF No. 54); *R.C.C. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3770 (ECF No. 54); *R.H. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3774 (ECF No. 53); *R.K. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3782 (ECF No. 54); *R.Z. v. Red Roof Inns, Inc., et al.*, No. 2:22-cv-3784 (ECF No. 53); *T.P. v. Wyndham Hotels & Resorts, Inc., et al.*, No. 2:21-cv-4933 (ECF No. 147).

country. The particular allegations and procedural posture of each case differ but, broadly speaking, each plaintiff seeks to hold a number of hotel companies liable under the TVPRA for their alleged role in the trafficking the plaintiff endured. After a number of cases survived the motion-to-dismiss stage, Defendants in twenty-four (24) of them sought reconsideration of a discrete portion of this Court's denial of their motions to dismiss—namely, this Court's conclusion that Defendants had conceded the issue of joint and several liability by failing to raise the issue in their motions to dismiss.[2]

Of the twenty-four (24) cases in which Defendants sought reconsideration, Plaintiffs have moved to voluntarily dismiss one case,[3] and the parties are in settlement discussions in another.[4] Plaintiffs have opposed reconsideration in six active cases,[5] withdrawn their oppositions in nine,[6] and failed to oppose in seven.[7] Despite Plaintiffs' varying positions to Defendants' Motions for Partial Reconsideration, the arguments and issues raised in each of the motions are identical.[8] Accordingly, this Court resolves the Motions together.

---

[2] *A.M.*, 2:22-cv-3797 (ECF No. 64), *A.S.*, 2:22-cv-3846 (ECF No. 55); *A.Y.*, 2:22-cv-3768 (ECF No. 54); *A.Y.S.,* 2:22-cv-3767 (ECF No. 47); *C.B.*, 2:22-cv-3772 (ECF No. 54); *C.C.*, 2:22-cv-3799 (ECF No. 76); *D.K.*, 22-cv-3786 (ECF No. 61); *D.T.*, 2:22-cv-3844 (ECF No. 49); *G.G.*, 2:22-cv-3766 (ECF No. 59); *G.M.*, 2:22-cv-3788 (ECF No. 74); *G.P.*, 2:22-cv-2682 (ECF No. 93); *H.S.*, 2:22-cv-3778 (ECF No. 51); *J.B.*, 2:22-cv-3776 (ECF No. 53); *K.D.*, 2:22-cv-3787 (ECF No. 54); *K.F.*, 2:22-cv-3839 (ECF No. 60); *K.L.*, 2:22-cv-3769 (ECF No. 54); *K.R.L.,* 2:22-cv-3773 (ECF No. 55); *K.W.*, 2:22-cv-3845 (ECF No. 44); *N.B.*, 2:22-cv-3771 (ECF No. 51); *R.C.C,* 2:22-cv-3770 (ECF No. 51); *R.K.*, 2:22-cv-3782 (ECF No. 51); *R.Z.*, No. 2:22-cv-3784 (ECF No. 50); *T.P.*, 2:21-cv-4933 (ECF No. 147).

[3] *R.H.*, 2:22-cv-3774 (ECF No. 72, Nov. 1, 2024).

[4] *T.P.*, 2:21-cv-4933 (ECF No. 162, Oct. 16, 2024).

[5] *A.M.*, 2:22-cv-3797 (ECF Nos. 82 & 83); *A.S.*, 2:22-cv-3846 (ECF No.62); *C.C.*, 2:22-cv-3799 (ECF No. 76); *D.K.*, 22-cv-3786 (ECF No. 51); *G.M.*, 2:22-cv-3788 (ECF No. 73); *G.P.*, 2:22-cv-2682 (ECF No. 105).

[6] *See A.Y.*, 2:22-cv-3768 (ECF Nos. 74 & 75); *A.Y.S.*, 2:22-cv-3767 (ECF Nos. 67 & 68); *D.T.*, 2:22-cv-3844 (ECF Nos. 69 & 70); *G.G.*, 2:22-cv-3766 (ECF Nos. 80 & 81); *K.F.*, 2:22-cv-3839 (ECF Nos. 81 & 82); *K.L.*, 2:22-cv-3769 (ECF Nos. 74 & 75); *K.R.L.*, 2:22-cv-3773 (ECF Nos. 75 & 76); *K.W.*, 2:22-cv-3845 (ECF Nos. 69 & 70); *R.Z.*, 2:22-cv-3784 (ECF Nos. 70 & 71).

[7] *C.B.*, 2:22-cv-3772; *H.S.*, 2:22-cv-3778; *J.B.*, 2:22-cv-3776; *K.D.*, 2:22-cv-3787; *N.B.*, 2:22-cv-3771; *R.C.C.*, 2:22-cv-3770; *R.K.*, 2:22-cv-3782.

[8] *A.M.*, 2:22-cv-3797 (ECF Nos. 68 & 71); *A.S.*, 2:22-cv-3846 (ECF No. 58); *A.Y.*, 2:22-cv-3768 (ECF No. 57); *A.Y.S.*, 2:22-cv-3767 (ECF No. 50); *C.B.*, 2:22-cv-3772 (ECF No. 57); *C.C.*, 2:22-cv-3799 (ECF No. 80); *D.K.*, 2:22-cv-3786 (ECF No. 54); *D.T.*, 2:22-cv-3844 (ECF No. 52); *G.G.*, 2:22-cv-3766 (ECF No. 60); *G.M.*, 2:22-cv-3788 (ECF Nos. 79, 82); *G.P.*, 2:22-cv-2682 (ECF No. 97); *H.S.*, 2:22-cv-3778 (ECF No. 54); *J.B.*, 2:22-cv-3776 (ECF No. 56); *K.D.*, 2:22-cv-3787 (ECF No. 57); *K.F.*, 2:22-cv-3839 (ECF No. 64); *K.L.*, 2:22-cv-3769 (ECF No. 57); *K.R.L.*, 2:22-cv-3773 (ECF No. 58); *K.W.*, 2:22-cv-3845 (ECF No. 47); *N.B.*, 2:22-cv-3771 (ECF No. 54); *R.C.C.*, 2:22-cv-3770 (ECF

## II. STANDARD OF REVIEW

Although the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, these motions are often treated as a motion to amend or alter a judgment under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991). Under Rule 59(e), a party must file a motion no later than 28 days after a court's ruling, Fed. R. Civ. P. 59(e), and such a motion must be based on one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (internal quotation marks and citation omitted).

Generally speaking, a district court has "considerable discretion" in deciding whether to grant such a motion. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). As the Sixth Circuit explained, the purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). As such, a motion for reconsideration may not be used to "relitigate old matters" or "raise arguments . . . that could have been raised prior to the entry of judgment." *See id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quotation omitted)); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## III. LAW & ANALYSIS

In several, but not all, of the orders denying Defendants' motions to dismiss under Rule 12(b)(6), this Court addressed the issue of joint and several liability as follows:

> Plaintiff argues that all Defendants are jointly and severally liable for her damages under the TVPRA. (ECF No. 1 ¶¶ 43, 170).

---

No. 54); *R.H.*, 2:22-cv-3774 (ECF No. 53); *R.K.*, 2:22-cv-3782 (ECF No. 54); *R.Z.*, 2:22-cv-3784 (ECF No. 53); *T.P.*, 2:21-cv-4933 (ECF No. 147).

3

>Defendants do not appear to respond to this argument. Therefore, this Court will consider Defendant to have conceded this point.[9]

Defendants ask this Court to reconsider only this portion of its rulings, arguing that it constitutes a "clear error of law" that, if left uncorrected, will result in a "manifest injustice."[10] According to Defendants, Plaintiffs' allegation that Defendants are jointly and severally liable for TVPRA violations is only that—an allegation. They acknowledge that their motions to dismiss did not address the issue but maintain that they did not need to. Defendants further argue that precluding them from contesting this "key [] and unsettled issue" is inequitable and "creates an intra-district conflict."[11]

This Court finds that twenty-four (24) motions for partial reconsideration are well-taken. Although this Court treats Plaintiffs' allegations as true at the motion-to-dismiss stage, Defendants' failure to raise the issue of joint and several liability in their 12(b)(6) motions did not waive their right to challenge the issue down the line. *See McCoy v. Carlson*, 2020 WL 419439, at * 2 n. 4 (S.D. Ohio Jan. 27, 2020) ("Any failure by Defendants to raise a particular Rule 12(b)(6) argument in a previous motion to dismiss does not amount to a waiver of such argument. In fact, any defense asserting the 'failure to state a claim upon which relief can be granted . . . may be raised' in a pleading, by Rule 12(c) motion for judgment on the pleadings, or at trial—even if such defense was not raised in a previously filed motion to dismiss." (citing Fed. R. Civ. P. 12(h))).

---

[9] *See A.M.*, 2:22-cv-3797 (ECF No. 63, at 15); *see also A.M.*, 2:22-cv-3797 (ECF No. 64, at 18); *A.Y.*, 2:22-cv-3768 (ECF No. 54, at 15); *A.Y.S.*, 2:22-cv-3767 (ECF No. 47, at 15); *C.B.*, 2:22-cv-3772 (ECF No. 54, at 15); *C.C.*, 2:22-cv-3799 (ECF No. 76, at 18); *D.K.*, 2:22-cv-3786 (ECF No. 51, at 15); *D.T.*, 2:22-cv-3844 (ECF No. 49, at 15); *G.G.*, 2:22-cv-3766 (ECF No. 59, at 15); *G.M.*, 2:22-cv-3788 (ECF No. 73, at 18); *G.M.*, 2:22-cv-3788 (ECF No. 74, at 15); *G.P.*, 2:22-cv-2682 (ECF No. 93, at 14); *J.B.*, 2:22-cv-3776 (ECF No. 53, at 15); *K.D.*, 2:22-cv-3787 (ECF No. 54, at 15); *K.F.*, 2:22-cv-3839 (ECF No. 60, at 15); *K.L.*, 2:22-cv-3769 (ECF No. 54, at 15); *K.R.L.*, 2:22-cv-3773 (ECF No. 55, at 15); *K.W.*, 2:22-cv-3845 (ECF No. 44, at 15); *N.B.*, 2:22-cv-3771 (ECF No. 51, at 15); *R.C.C.*, 2:22-cv-3770 (ECF No. 51, at 15); *R.H.*, 2:22-cv-3774 (ECF No. 50, at 15); *R.K.*, 2:22-cv-3782 (ECF No. 51, at. 15); *R.Z.*, 2:22-cv-3784 (ECF No. 50, at. 15); *T.P.*, 2:21-cv-4933 (ECF No. 68, at 23).

[10] *See e.g.*, *A.M.*, 2:22-cv-3797 (ECF No. 63, at 4).

[11] *See e.g.*, *A.M.*, 2:22-cv-3797 (ECF No. 63, at 6–7 & n. 9 (citing *See M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 971 (S.D. Ohio 2019)).

And as some plaintiffs acknowledge,[12] this Court has recently held, in another hotel TVPRA case, that "it would be premature to preclude joint and several liability" at the Rule 12(b)(6) juncture, reasoning that "no Defendant has even been found liable in this case."[13] As this Court explained, "joint and several liability is a theory of recovery and not a cause of action."[14] Other plaintiffs also agree that "Defendants do not ask the Court to make a decision [on] the merits of joint and several liability at this time" and that the issue may be "brief[ed] . . . at a later time[.]"[15]

Still, several plaintiffs opposing reconsideration cite this Court's decision in *M.A. v. Wyndham Hotels & Resorts* for the proposition that the issue of joint and several liability is conceded when left unaddressed at the motion-to-dismiss stage.[16] 425 F. Supp. 3d 959, 971 (S.D. Ohio 2019). That ruling, however, is readily distinguishable. In *M.A.*, the hotel defendants argued in their motion to dismiss that joint and several liability does not apply in the TVPRA context, and the plaintiff failed to address the argument in their brief opposing the motion. *Id.* This Court thus correctly considered the plaintiff to have conceded the issue. *Id.*; *see Pierre Invs., Inc. v. Fifth Third Bancorp,* No. 1:22-CV-155, 2022 WL 6764494, at *5 (S.D. Ohio Oct. 11, 2022) ("Where a party fails to support its claim in a brief opposing a motion to dismiss, district courts are free to treat those claims as abandoned and dismiss them."), *aff'd*, No. 23-3269, 2023 WL 8373001 (6th Cir. Dec. 4, 2023); *see also Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007). By contrast here, Defendants did not affirmatively raise the question of joint and several liability in their 12(b)(6) motions, and it was therefore error to consider the issue conceded.

Accordingly, this Court **GRANTS** the following Motions for Partial Reconsideration:

---

[12] *See A.Y.*, 2:22-cv-3768 (ECF No. 74); *A.Y.S.*, 2:22-cv-3767 (ECF No. 67); *D.T.*, 2:22-cv-3844 (ECF No. 69); *G.G.*, 2:22-cv-3766 (ECF No. 80); *K.F.*, 2:22-cv-3839 (ECF Nos. 81 & 82); *K.L.*, 2:22-cv-3769 (ECF Nos. 74 & 75); *K.R.L.*, 2:22-cv-3773 (ECF No. 75); *K.W.*, 2:22-cv-3845 (ECF No. 69); *R.Z.*, 2:22-cv-3784 (ECF No. 70).

[13] *See Doe (R.A.) v. Best Western International, Inc. et* al., No. 2:23-cv-03459 (ECF No. 72, at 14–15, Aug. 12, 2024)

[14] *Doe (R.A.)*, 2:23-cv-03459 (ECF No. 72, at 14 (internal quotation marks and citation omitted)).

[15] *See e.g.*, *A.M.*, 2:22-cv-3797 (ECF Nos. 82 & 83, at 3 n.1).

[16] *See e.g.*, *A.Y.*, 2:22-cv-3768 (ECF No. 64, at 3–4).

*A.M.*, 2:22-cv-3797 (ECF Nos. 68, 71); *A.Y.*, 2:22-cv-3768 (ECF No. 57); *A.Y.S.*, 2:22-cv-3767 (ECF No. 50); *C.B.*, 2:22-cv-3772 (ECF No. 57); *C.C.*, 2:22-cv-3799 (ECF No. 80); *D.K.*, 2:22-cv-3786 (ECF No. 54); *D.T.*, 2:22-cv-3844 (ECF No. 52) ; *G.G.*, 2:22-cv-3766 (ECF No. 60); *G.M.*, 2:22-cv-3788 (ECF Nos. 79, 82); *G.P.*, 2:22-cv-2682 (ECF No. 97); *J.B.*, 2:22-cv-3776 (ECF No. 56); *K.D.*, 2:22-cv-3787 (ECF No. 57); *K.F.*, 2:22-cv-3839 (ECF No. 64); *K.L.*, 2:22-cv-3769 (ECF No. 57); *K.R.L.*, 2:22-cv-3773 (ECF No. 58); *K.W.*, 2:22-cv-3845 (ECF No. 47); *N.B.*, 2:22-cv-3771 (ECF No. 54); *R.C.C.*, 2:22-cv-3770 (ECF No. 54); *R.H.*, 2:22-cv-3774 (ECF No. 53); *R.K.*, 2:22-cv-3782 (ECF No. 54); *R.Z.*, 2:22-cv-3784 (ECF No. 53); *T.P.*, 2:21-cv-4933 (ECF No. 147).

Upon reconsideration, Defendants in these cases did not concede the issue of joint and several liability by failing to raise it in their 12(b)(6) motions. To the extent that this Court's orders[17] held otherwise, those rulings are hereby amended to conform with this Order.

Two motions for partial reconsideration, not listed above, remain. In *A.S.* and *H.S.*, RRI Defendants sought reconsideration of the orders denying Defendants' motions to dismiss. *See A.S.*, 2:22-cv-3846 (ECF No. 58); *H.S.*, 2:22-cv-3778 (ECF No. 54). But those orders did not hold that Defendants conceded the issue of joint and several liability. *See A.S.*, 2:22-cv-3846 (ECF No. 55); *H.S.*, 2:22-cv-3778 (ECF No. 51). Because RRI Defendants offer no other basis for reconsideration, those two motions for reconsideration—*A.S.*, 2:22-cv-3846 (ECF No. 58); *H.S.*, 2:22-cv-3778 (ECF No. 54)—are **DENIED**.

---

[17] *A.M.*, 2:22-cv-3797 (ECF Nos. 63, 64), *A.Y.*, 2:22-cv-3768 (ECF No. 54); *A.Y.S.,* 2:22-cv-3767 (ECF No. 47); *C.B.*, 2:22-cv-3772 (ECF No. 54); *C.C.*, 2:22-cv-3799 (ECF No. 76); *D.K.*, 22-cv-3786 (ECF No. 51); *D.T.*, 2:22-cv-3844 (ECF No. 49); *G.G.*, 2:22-cv-3766 (ECF No. 59); *G.M.*, 2:22-cv-3788 (ECF Nos. 73, 74); *G.P.*, 2:22-cv-2682 (ECF No. 93); *J.B.*, 2:22-cv-3776 (ECF No. 53); *K.D.*, 2:22-cv-3787 (ECF No. 54); *K.F.*, 2:22-cv-3839 (ECF No. 60); *K.L.*, 2:22-cv-3769 (ECF No. 54); *K.R.L.,* 2:22-cv-3773 (ECF No. 55); *K.W.*, 2:22-cv-3845 (ECF No. 44); *N.B.*, 2:22-cv-3771 (ECF No. 51); *R.C.C,* 2:22-cv-3770 (ECF No. 51); *R.K.*, 2:22-cv-3782 (ECF No. 51); *R.Z.*, No. 2:22-cv-3784 (ECF No. 50).

Case: 2:21-cv-04933-ALM-EPD Doc #: 167 Filed: 12/03/24 Page: 7 of 7 PAGEID #: 1891

## IV. CONCLUSION

For the reasons stated above, this Court **GRANTS** the following Motions for Partial Reconsideration:

- *A.M.*, 2:22-cv-3797 (ECF Nos. 68, 71)
- *A.Y.*, 2:22-cv-3768 (ECF No. 57)
- *A.Y.S.*, 2:22-cv-3767 (ECF No. 50)
- *C.B.*, 2:22-cv-3772 (ECF No. 57)
- *C.C.*, 2:22-cv-3799 (ECF No. 80)
- *D.K.*, 2:22-cv-3786 (ECF No. 54)
- *D.T.*, 2:22-cv-3844 (ECF No. 52)
- *G.G.*, 2:22-cv-3766 (ECF No. 60)
- *G.M.*, 2:22-cv-3788 (ECF Nos. 79, 82)
- *G.P.*, 2:22-cv-2682 (ECF No. 97)
- *J.B.*, 2:22-cv-3776 (ECF No. 56)
- *K.D.*, 2:22-cv-3787 (ECF No. 57)
- *K.F.*, 2:22-cv-3839 (ECF No. 64)
- *K.L.*, 2:22-cv-3769 (ECF No. 57)
- *K.R.L.*, 2:22-cv-3773 (ECF No. 58)
- *K.W.*, 2:22-cv-3845 (ECF No. 47)
- *N.B.*, 2:22-cv-3771 (ECF No. 54)
- *R.C.C.*, 2:22-cv-3770 (ECF No. 54)
- *R.H.*, 2:22-cv-3774 (ECF No. 53)
- *R.K.*, 2:22-cv-3782 (ECF No. 54)
- *R.Z.*, 2:22-cv-3784 (ECF No. 53)
- *T.P.*, 2:21-cv-4933 (ECF No. 147)

Upon reconsideration, Defendants in those cases did not concede the issue of joint and several liability by failing to raise it in their 12(b)(6) motions and, to the extent that this Court's prior orders held otherwise,[18] those rulings are hereby **AMENDED** to conform with this Order.

The following motions for reconsideration are **DENIED**: *A.S.*, 2:22-cv-3846 (ECF No. 58); *H.S.*, 2:22-cv-3778 (ECF No. 54).

**IT IS SO ORDERED.**

*[signature]*

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: December 3, 2024**

---

[18] *A.M.*, 2:22-cv-3797 (ECF Nos. 63, 64), *A.Y.*, 2:22-cv-3768 (ECF No. 54); *A.Y.S.*, 2:22-cv-3767 (ECF No. 47); *C.B.*, 2:22-cv-3772 (ECF No. 54); *C.C.*, 2:22-cv-3799 (ECF No. 76); *D.K.*, 22-cv-3786 (ECF No. 51); *D.T.*, 2:22-cv-3844 (ECF No. 49); *G.G.*, 2:22-cv-3766 (ECF No. 59); *G.M.*, 2:22-cv-3788 (ECF Nos. 73, 74); *G.P.*, 2:22-cv-2682 (ECF No. 93); *J.B.*, 2:22-cv-3776 (ECF No. 53); *K.D.*, 2:22-cv-3787 (ECF No. 54); *K.F.*, 2:22-cv-3839 (ECF No. 60); *K.L.*, 2:22-cv-3769 (ECF No. 54); *K.R.L.*, 2:22-cv-3773 (ECF No. 55); *K.W.*, 2:22-cv-3845 (ECF No. 44); *N.B.*, 2:22-cv-3771 (ECF No. 51); *R.C.C,* 2:22-cv-3770 (ECF No. 51); *R.K.*, 2:22-cv-3782 (ECF No. 51); *R.Z.*, No. 2:22-cv-3784 (ECF No. 50).